## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| TAMMY PINDELL, | )  No. 09-41456 |
|                     Debtor. | ) |

## O P I N I O N

This matter is before the Court on the objection of the Chapter 7 Trustee to the Debtor's claimed exemption in the proceeds from a contract for purchase and sale of real estate.

The basic facts are not disputed. In 1995, the Debtor and her then-husband, Michael Pindell ("Michael") purchased property in Benton Illinois, which became their marital residence (the "Benton Property"). In 1998, the Debtor and Michael purchased another property in Macedonia, Illinois, and this property then became their marital residence (the "Macedonia Property").[1] In July of 2000, the Debtor entered into a contract for deed to sell the Benton Property to Kevin Millikan for $40,000.[2] Under the terms of the contract, Mr. Millikan agreed to put $1,000 down and pay $400 per month until September 2018. Mr. Millikan has possession of the Benton Property and has been making the monthly payments to Debtor as agreed.

On September 2, 2008, the Debtor and Michael filed a joint petition for relief under Chapter 13 of the Bankruptcy Code. They listed the Benton Property on Schedule A (Real Property) as jointly owned property, described as "Contract for Deed: Home located at 1016 North 9th Street, Benton, Illinois. Debtor selling home to Kevin Millkan [sic]- sale price was $40,000 balance left on contract is $28,406. Mr. Millikan pays $400.00 per month." The Debtor and Michael also

---

[1] According to the Debtor, the Benton Property was originally held by the Pindells in a tenancy by the entirety, which is available only to married couples and only for their homestead property. *See* 765 ILCS § 1005/1c; *In re Werner*, 410 B.R. 797, 805-06 (Bankr.N.D.Ill. 2009). When the Pindells created a new homestead in the Macedonia Property, the tenancy by the entirety estate in the Benton Property was converted by operation of law into a joint tenancy. *See* 765 ILCS § 1005/1c. A joint tenancy is an estate that two or more individuals hold jointly with equal rights. *Gayton v. Kovanda*, 368 Ill.App.3d 363, 366, 857 N.E.2d 929, 932 (Ill.App. 1 Dist 2006).

[2] The record does not contain a copy of the contract for deed. However, it is undisputed that the Debtor was the only signatory to the contract for deed.

included the $400 monthly payment made by Mr. Millikan on Schedule I as the Debtor's income from real property. On January 6, 2009, the Court confirmed the Chapter 13 plan filed by the Debtor and Michael.

On August 14, 2009, while the Debtor and Michael were still in their Chapter 13 case, they entered into a Marital Settlement Agreement as part of a dissolution of marriage proceeding in the Circuit Court of Franklin County, Illinois. Under the Marital Settlement Agreement, the Debtor agreed to transfer her interest in the Macedonia Property to Michael, and Michael agreed to transfer his interest in the proceeds of the contract for deed on the Benton Property to the Debtor "in lieu of maintenance." Specifically, Article Six of the Marital Settlement Agreement, entitled "Maintenance" provides:

> In lieu of maintenance, Husband shall quit claim to Wife his interest in Lots Seventeen (17) and Eighteen (18) in Block Four (4) in R. L. Hays' Addition to the City of Benton more commonly known as 1016 North 9th Street, Benton Illinois, currently being purchased under Contract for Deed by Kevin Millikan. Payments of $400.00 per month by Kevin Millikan shall be the sole possession of the Wife.

The Marital Settlement Agreement also provided for Michael to continue making all the Chapter 13 plan payments.[3]

On August 26, 2009, the Debtor filed motions to deconsolidate her bankruptcy case from Michael's and convert her case to Chapter 7. On August 31, 2009, the Court entered an order deconsolidating the joint Chapter 13 case and converting the Debtor's case to Chapter 7. On October 31, 2009, the Debtor filed an amended Schedule B, now listing the proceeds from the contract for deed on the Benton Property under paragraph 17 for "Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled" and an amended Schedule C claiming an exemption in "Interest in Contract for Purchase and Sale of Real Estate dated 7/29/2000 as and for maintenance $400 per month" under 735 ILCS 5/12-1001(g)(4). The total amount of the

---

[3] It is undisputed that the Debtor and Michael did not seek permission from the Chapter 13 Trustee or the Bankruptcy Court to make the property transfers set forth in the Marital Settlement Agreement.

claimed exemption is $26,899.99.[4]

The Chapter 7 Trustee objected to the Debtor's claimed exemption, asserting that the Debtor's attempt to characterize the proceeds from the contract for deed on the Benton Property as maintenance was based upon on a post-petition marital settlement agreement entered into on August 14, 2009, and arguing that the Debtor cannot change the character of estate property from non-exempt to exempt during the pendency of the bankruptcy proceeding. The Debtor did not file a written response to the Trustee's objection, but at the hearing asserted that when the Chapter 13 plan was confirmed, the property of the estate re-vested in the Debtor and Michael and therefore the divorce court could determine that the Debtor should receive the proceeds from the contract for deed on the Benton Property in lieu of maintenance. When the Debtor deconsolidated her case and converted it to Chapter 7, the proceeds from the contract for deed were brought into her Chapter 7 estate as property in lieu of maintenance, and she is entitled to an exemption in the entire amount of the proceeds.

After hearing the Debtor's argument, the Trustee conceded that the Debtor had a point with respect to Michael's interest—that he conveyed his one-half interest in the proceeds of the contract for deed on the Benton Property to the Debtor in lieu of maintenance in the divorce proceeding. However, the one-half interest in the proceeds that the Debtor owned at the time of the bankruptcy filing was not converted into maintenance by the divorce court. The Trustee also conceded the Debtor would be entitled to an exemption in one-half of the proceeds, but asserted the other one-half would be non-exempt property of the bankruptcy estate.

After hearing the arguments of the parties, the Court offered the parties an opportunity to file

---

[4]The Debtor did not file an amended Schedule A in her Chapter 7 case, even though she moved her interest in the proceeds of the contract for deed to Schedule B.

simultaneous written briefs on the issue. In her brief in support of the objection to the Debtor's claimed exemption, the Trustee amplifies and clarifies the argument she made at the hearing. The Trustee asserts that the Debtor is entitled to an exemption only with respect to the one-half interest in the proceeds of the contract for deed on the Benton Property that she received from Michael as maintenance under the Marital Settlement Agreement. The Trustee concedes, as she did at the hearing, that the Debtor's Chapter 7 estate does not include Michael's original one-half interest in the proceeds from the contract for deed on the Benton Property because that interest did not belong to the Debtor when the original Chapter 13 case was filed. Thus, under Section 348(f)(1)(A), which addresses the effect of conversion on property of the bankruptcy estate, Michael's one-half interest was not part of the Debtor's Chapter 7 estate at the time of the conversion. The Trustee further concedes that, even if Michael's one-half interest somehow became part of the Debtor's Chapter 7 estate at the time of conversion, it is exempt as the interest was conveyed to the Debtor in lieu of maintenance. The Trustee maintains, however, that the Debtor cannot claim that her original one-half interest in the proceeds from the contract for deed on the Benton Property is now exempt, because she was not entitled to an exemption in her one-half interest on the date the original Chapter 13 petition was filed, and she could not change that status after the bankruptcy filing.

In her brief, the Debtor asserts her entire interest in the proceeds of the contract for deed on Benton Property is exempt, asserting that, when the Debtor's Chapter 13 plan was confirmed, the property of the bankruptcy estate vested or transferred back to the Debtor and Michael under Section 1327(b), thus removing the property from the bankruptcy estate. After the re-vesting, the Debtor and Michael went through a dissolution proceeding in which the Debtor was given all the proceeds from the contract for deed on the Benton Property as maintenance. Addressing the Trustee's argument that only Michael's one-half interest in the proceeds from the contract for sale on the

4

Benton Property is maintenance, the Debtor asserts, without citation to any authority, that the entire property was converted by the divorce court into maintenance after the property re-vested in the Debtor and Michael following confirmation of their Chapter 13 plan. Thus, according to the Debtor, the proceeds from the contract for sale of the Benton Property entered her Chapter 7 estate as exempt property under the Marital Settlement Agreement and Judgment of Dissolution of Marriage entered by the divorce court, and she is entitled to exempt the entire $400 per month payment she receives.

The Trustee's concession that the Debtor is entitled to exempt the one-half interest in the proceeds from the contract for deed on the Benton Property that was owned by Michael and conveyed to the Debtor in the divorce proceeding as maintenance narrows the issues considerably. The only argument the Trustee now raises is that the Debtor cannot claim an exemption for maintenance in the one-half interest that she owned when the original Chapter 13 petition was filed.

Section 348(f)(1)(A) provides that "property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion." 11 U.S.C. § 348(f)(1)(A). When the Debtor converted her case to Chapter 7, she still owned her original one-half interest in the proceeds from the contract for sale on the Benton Property, and had also acquired Michael's one-half interest as maintenance in the divorce proceeding. The Debtor's original one-half interest remained under her control throughout the Chapter 13 and into the converted Chapter 7. Because the Debtor's one-half interest was not exempt at the time of the original filing of the Chapter 13, she cannot claim an exemption in that portion after the conversion.

The Debtor spends a great deal of time arguing that, after confirmation, all the property re-

vested in the Debtor and Michael, but the Trustee does not dispute this fact.[5] Nor does the Trustee dispute that the divorce court had the authority to award Michael's interest in the proceeds of the Benton Property to the Debtor as maintenance.

The Debtor also asserts that, through the divorce proceeding, the divorce court somehow converted all the proceeds from the contract for deed on the Benton Property into maintenance and support. The Debtor does not cite any authority for this proposition, and it is belied by the plain language of Article Six of the Marital Settlement Agreement quoted by the Debtor in her brief. That section provides that, in lieu of maintenance, "Husband shall quit claim to Wife *his interest"* in the Benton Property. (emphasis added). At the time of conversion of the Chapter 13 plan, the property had re-vested in the Debtor and Michael as joint owners. At the time of the divorce proceedings, the Debtor and Michael were still joint owners of the proceeds of the contract for deed on the Benton Property, with each having a one-half ownership interest. Therefore, under Article Six, only Michael's one-half interest was transferred to the Debtor in lieu of maintenance; she still retained her original one-half interest. The next sentence of Article Six of the Martial Settlement Agreement merely clarifies that the entire $400 monthly payment made by Millikan shall now be in the sole possession of the Debtor. Article Six does not contain any language stating or implying that all of the proceeds were converted into maintenance by the divorce court.

Accordingly, the Trustee's objection to the Debtor's claimed exemption should be sustained in part as to her original one-half interest in the proceeds from the contract for deed on the Benton Property and overruled in part as to Michael's one-half interest that was conveyed to the Debtor by

---

[5] Section 1327(b) provides, "[e]xcept as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." The confirmed Chapter 13 plan also specifically provided, "Property of the estate shall revest in the Debtor upon confirmation of the Debtor's plan, subject to the rights, if any, of the Trustee to assert a claim to additional property of the estate acquired by the Debtor post-petition pursuant to 11 U.S.C. § 1306."

the divorce court as maintenance.

      This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  A separate Order will be entered.

ENTERED: June 28, 2010

                                              /s/ William V. Altenberger
                                           UNITED STATES BANKRUPTCY JUDGE